IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| PATRICIA M. MENDICK, | ) | |
| | ) | CASE NO. BK11-80239-TJM |
| Debtor(s). | ) | A11-8031-TJM |
| AMERICAN FINANCE SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| PATRICIA M. MENDICK, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the debtor-defendant's motion for summary judgment (Fil. No. 12) and resistance by the plaintiff (Fil. No. 18). Jeremiah J. Luebbe represents the debtor, and Shaun M. James represents the plaintiff. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

The debtor held a membership interest in and managed SSOH, LLC, doing business as Z-Coil Pain Relief Footwear. The company operated shoe stores in Omaha, Nebraska; Des Moines, Iowa; and Boulder, Colorado. SSOH began a financing arrangement with American Finance Solutions ("AFS") in the fall of 2007 and renewed that arrangement several times. In early August 2010, the debtor obtained a new financing contract for a larger amount from AFS, ostensibly to "fuel growth" of the stores and purchase inventory "for upcoming back-to-school sales," according to AFS representatives. In the same time frame, the debtor closed the Boulder store but did not tell AFS. By late October 2010, SSOH had closed the Omaha and Des Moines stores and gone out of business. AFS filed this adversary proceeding based on the debtor's personal guaranty of the debt, alleging that she committed fraud and defalcation while acting on behalf of SSOH, rendering the debt non-dischargeable under 11 U.S.C. § 523(a)(4). AFS may also be asserting an exception to discharge based on fraudulent misrepresentations under § 523(a)(2)(A).

The debtor has moved for summary judgment on the grounds that AFS is unable to prove the elements of its complaint.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Ricci v. DeStefano, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Id. (quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." Wingate v. Gage Cnty. Sch. Dist., No. 34, 528 F.3d 1074, 1078–79 (8th Cir. 2008). See also Celotex Corp., 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

The following facts are undisputed:

1. Prior to filing bankruptcy, the debtor was a member-manager of SSOH, LLC, a Nebraska limited liability company, owning one-third of said entity.

2. SSOH obtained financing from AFS in November 2007.

3. In November 2008, as part of the refinancing process for funds obtained in December 2008, the debtor executed an agreement whereby 18% of all payments to SSOH via debit and credit card would be paid directly to AFS.

4. In addition, in December 2008, the debtor executed a merchant processing agreement with SSOH's credit card processor.

5. SSOH obtained additional financing from AFS on three more occasions.

6. On July 20, 2010, the debtor received an e-mail from Scott Griest at AFS advising that AFS could renew its financing of SSOH when the March 2010 contract was paid down to 50%.

7. On July 30, 2010, the debtor responded to Mr. Griest's e-mail, advising him that business had not been good and that SSOH's payback had been slowed down.

8. On July 30, 2010, Mr. Griest responded to the debtor's e-mail of the same date and advised that after SSOH's weekend sales posted and the balance of the existing financing had been paid down, AFS would price a renewal.

9. On August 4, 2010, Mickey Gibson of AFS provided SSOH and the debtor with pricing for renewal financing.

10. On August 6, 2010, at 7:04 a.m. local (Pacific) time, Mickey Gibson emailed the renewal funding agreement to the debtor.[1]

11. On August 6, 2010, the debtor and co-member David Frank executed the funding agreement and personal guarantee of the debt.

12. On August 9, 2010, SSOH received $91,469 from AFS.

13. At all relevant times, AFS held a perfected U.C.C. security interest in all of SSOH's personal property.

14. SSOH purchased inventory from Z-Coil on a check-on-delivery basis.

15. When SSOH's stores were closed, SSOH returned the remaining inventory to the vendors who provided it, despite AFS's security interest.

The debtor's motion for summary judgment is based on the argument that AFS is unable to prove (1) the existence of a fiduciary relationship for purposes of § 523(a)(4) or (2) that AFS justifiably relied on the debtor's representations for purposes of § 523(a)(2)(A).

For its response to the fiduciary argument, AFS relies on numerous cases establishing that corporate officers and directors owe a fiduciary duty to their corporation, and when the corporation becomes insolvent, that fiduciary duty extends to the company's creditors. In this case, the company at issue is a limited liability company formed under Nebraska law. A member statutorily owes "the fiduciary duties of loyalty and care" to the LLC and to its other members. Neb. Rev. Stat. § 21-138(a). However, it is unclear from either Nebraska law or California law[2] whether those duties extend to creditors. The record will need to be developed further before such a determination can be made.

With regard to § 523(a)(2)(A), the debtor is correct that it was not explicitly pleaded in the complaint. The complaint's allegations allude to the elements of that section, however, and the facts are recited in such a way as to suggest that AFS is attempting to assert a cause of action under that section, so its merits will be addressed here.

---

[1] The parties argue that the time of the email communication is relevant to the issue of whether AFS could have justifiably relied on representations allegedly made by the debtor on that date when it extended credit to the company. There is a dispute as to what representations were actually made, and whether they were relevant to AFS's decision to provide funding.

[2] The funding agreement between AFS and SSOH provides that it is governed by California law.

The Bankruptcy Code prohibits the discharge of a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition[.]" § 523(a)(2)(A). To establish fraud within the context of § 523(a)(2)(A), the creditor must show, by a preponderance of the evidence, that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained a loss as the proximate result of the representation having been made. R & R Ready Mix v. Freier (In re Freier), 604 F.3d 583, 587 (8th Cir. 2010).

Apparently because of the uncertainty as to whether the complaint actually states a § 523(a)(2)(A) claim, the parties did not address the other elements of that section. Without determining whether the remaining elements have been or could be met, the court simply notes that whether AFS's reliance on the debtor's statements was justified is "a subjective question dependent upon 'the qualities and characteristics of the particular [creditor], and the circumstances of the particular case[.]'" Islamov v. Ungar (In re Ungar), 633 F.3d 675, 679 (8th Cir. 2011) (quoting Field v. Mans, 516 U.S. 59, 71 (1995)). As such, it is not a matter for summary judgment.

IT IS ORDERED: The debtor-defendant's motion for summary judgment (Fil. No. 12) is denied.

DATED:   October 18, 2011

BY THE COURT:

 /s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *Jeremiah J. Luebbe
    Shaun M. James
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.